IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JACOB CUMMINGS,**<br><br>Plaintiff,<br><br>vs.<br><br>**LEXISNEXIS RISK SOLUTIONS, INC.**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. _____**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Jacob Cummings, against Defendant LexisNexis Risk Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Jacob Cummings is an adult individual residing in Brookings, South Dakota.

5. Defendant LexisNexis Risk Solutions, Inc. ("LNRS") is a consumer reporting agency that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1000 Alderman Dr., Alpharetta, Georgia 30005.

**FACTUAL ALLEGATIONS**

6. Defendant has been reporting inaccurate and incomplete statements and information relating to Plaintiff and Plaintiff's history to third parties (the "inaccurate information") from at least May 2024 through the present. The inaccurate and incomplete information includes the omission of the majority of the driver history, insurance history information and insurance policy records that Defendant maintains on Plaintiff.

7. At times, Defendant has sold wholly incomplete or nearly blank consumer reports to Plaintiff's prospective insurers despite possessing a plethora of insurance policy and driver history information concerning Plaintiff's current and historical accounts.

8. The inaccurate and incomplete information negatively reflects upon Plaintiff, Plaintiff's insurance and driver history, Plaintiff's financial responsibility as a driver and Plaintiff's worthiness for current and future insurance.

9. Defendant has been reporting the inaccurate and incomplete information through the issuance of false, inaccurate, and incomplete consumer reports that it has disseminated to various persons and insurers, both known and unknown. Defendant has repeatedly published and disseminated the inaccurate and incomplete consumer reports to third parties from at least May 2024 through the present.

10. Plaintiff has disputed the inaccurate and incomplete information with Defendant since at least May 2024 by following Defendant's established procedures for disputing consumer report information.

11. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate and incomplete information and

Defendant continues to publish and disseminate such inaccurate and incomplete information to other third parties, persons, entities and credit grantors.

12. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least May 2024 through the present.

13. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any insurance applications, or other relevant documents from the entities furnishing the inaccurate information.

14. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost insurance opportunities, increased insurance premiums, harm to reputation, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT ONE – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. LNRS)

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, LNRS was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, LNRS is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

22. The conduct of LNRS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, LNRS is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:   /s/ *Jeffrey Sand*
Jeffrey Sand
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
(404) 205-5029
js@wsjustice.com

 /s/ *Joseph L. Gentilcore*
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

**Attorneys for Plaintiff**

Dated: November 27, 2024